IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3051 |
| | ) | |
| v. | ) | |
| | ) | |
| JESUS MANUELRODRIGUEZ MARTINEZ, | ) ) ) | ORDER ON MOTION FOR ENLARGEMENT OF TIME TO FILE SENTENCING STATEMENT AND |
| Defendant. | ) ) | TO CONTINUE SENTENCING |

IT IS ORDERED that:

1.   the Motion for Enlargement of Time to File Sentencing Statement and to Continue Sentencing, filing 41, is granted;

2.   paragraphs 6, 7, and 8 of the Order on Sentencing Schedule are amended as follows:

   6.   **July 19, 2006**:
   (a)  Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

   (b)  Motions to the court:
   (1) for <u>departure</u> under the guidelines (including, but not limited to, motions by the government) ; and
   (2) for <u>deviation or variance</u> from the guidelines as allowed by the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) or its progeny;

   (c)  Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report.

   (d)  If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition

to an objection under subparagraph (c) of this paragraph 6, it must be: by affidavit, letter, report or other document <u>attached to the statement</u> of position <u>or</u> by oral testimony at the sentencing hearing.  If oral testimony is desired, a <u>request must be made in the statement</u> of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses.  If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 6(d).

(e)  Motions for <u>departure</u> should be supported by a brief that explains why the departure from the guideline sentencing range is justified by normal guideline departure theory.  Motions for <u>deviation</u> or <u>variance</u> from the guidelines as allowed under <u>Booker</u> or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

(f)  It is expected that any objection first raised in a party's statement of position will be addressed at the judge's discretion, and that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

7. **July 26, 2006**: Judge's notice to counsel of rulings, tentative findings, whether oral testimony is to be permitted, and how objections to tentative findings may be made; and

8. **August 21, 2006 at 9:30 a.m.**:  Sentencing.

The probation officer is directed to provide copies of any sentencing recommendation to

counsel for the government and counsel for the defendant at the time the recommendation is submitted to the sentencing judge.

    Dated June 5, 2006.

                      BY THE COURT

                      s/ Warren K. Urbom
                      United States Senior District Judge